FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Washington Mutual Bank,

       Plaintiff,

vs.                                   **O R D E R**

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

       Defendant.
_____/

THIS MATTER is before the Court upon Defendant's Motion To Compel Deposition And Document (DE 81), Non-Party J.P. Morgan Chase Bank, N.A.'s, Motion For Protective Order Or In The Alternative, For An Order Quashing The Subpoena To Testify At A Deposition In A Civil Action (DE 94), and Plaintiff FDIC-R's Motion To Compel Production Of Responsive Documents And Request For Expedited Ruling (DE 100). The Court has carefully reviewed said Motions, the entire court file and is otherwise fully advised in the premises.

Plaintiff Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank (hereinafter "Plaintiff"), alleges five counts of breach of contract against Defendant Old Republic National Title Insurance Company (hereinafter "Defendant"). See DE 34. Said allegations are based on the terms of five Closing Protection Letters (hereinafter "CPLs") that Defendant issued to Washington Mutual Bank (hereinafter "WaMu") in connection with five residential real estate transactions in Florida.

The Court notes that the Pre-trial Conference is presently scheduled for April 18, 2014. See DE 59. The cut-off for discovery was Monday, March 31, 2014. Id. Defendant and Non-Party J.P. Morgan Chase timely filed their instant Motions (DE Nos. 81, 94). Plaintiff filed its Motion (DE 100) on April 1, 2014. Accordingly, the Court will address each Motion in turn.

I. Defendant's Motion To Compel Deposition And Document (DE 81)

By Defendant's Motion (DE 81), Defendant seeks an Order from this Court compelling Plaintiff to further respond to the questions within Defendant's noticed areas of inquiry and to produce an allegedly non-privileged document, the "Post-Closing Report." Previously, Defendant properly noticed a deposition of Plaintiff pursuant to Federal Rule of Civil Procedure 30(b)(6). DE 81-2. It listed eighteen areas about which the corporate representative should be able to testify. Plaintiff produced Jamie Thomas, an independently contracted investigator to the Plaintiff's Division of Receivership and Resolution. Defendant now complains, essentially, that Mr. Thomas was not a competent witness, and, thus, Plaintiff should be compelled to produce additional witness who can testify regarding the noticed areas of inquiry to the satisfaction of Defendant.

Under Rule 30(b)(6), "the party seeking discovery is not permitted to insist that it choose a specific person to testify unless the person designated is an officer, director, or managing

agent whom the corporation may be required to produce under Rule 30(b)(1)."  8A Wright & Miller, Federal Practice and Procedure: Civil 2d § 2103 (2d ed. 1994) (footnote omitted).  If the party seeking discovery wants to  request the deposition of a specific officer or agent of a corporation, they can do so through Rule 30(b)(1).  Id.  Under Rule 30(b)(6), the corporation has the prerogative to select the individual witness.  Id.  Its choice will not be disturbed as long as the witness can testify competently.

In responding to a 30(b)(6) motion, a corporation "has an affirmative duty to produce a representative who can answer questions within the scope of the matters described in the notice [of deposition] and are 'known or reasonably available' to the corporation."  King v. Pratt & Whitney, 161 F.R.D. 475, 476 (S.D. Fla. 1999) (quoting Fed. R. Civ. P. 30(b)(6)).  The corporate party must prepare the witness "with respect to issues that although not within his personal knowledge were within the corporate knowledge of the organization."  Brazos River Authority v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir. 2006).  As stated in Brazos, the test for corporate knowledge is that which is "reasonably available, whether from documents, past employees or other sources."  Id.  It is left to the court's discretion to decide what knowledge can be considered "reasonably available," and what percentage of questions a witness must be able to answer to render him adequate.  As to the latter, no hard and fast rule exists for what number of questions

3

answered by a witness renders him adequate.  Rather, a court must look to the totality of the testimony to make this determination.

Defendant points to four specific areas of inquiry in which Mr. Thomas's responses were allegedly deficient or evasive. Defendant first argues that Mr. Thomas failed to adequately answer Defense Counsel's questions regarding the lawsuit, <u>FDIC, as Receiver of Washington Mutual Bank v. Killinger, et al.</u>, Case No. 11-CIV-00459 (W.D. Wash. Mar. 16, 2011).  Mr. Thomas also failed to adequately testify regarding WaMu's investigation of certain loans in 2009, in addition to criminal proceedings related to WaMu, according to Defendant.  Finally, Defendant claims Plaintiff's corporate representative failed to adequately testify regarding Plaintiff's damages calculations.  In support of its Motion, Defendant provides several examples of how Plaintiff's Rule 30(b)(6) was allegedly inadequate or evasive, such as the following:

> Q: Okay, at paragraph 11 of [the <u>Killinger</u>] complaint,
> towards the middle of the paragraph, it says as a result
> of the defendant's gross mismanagement, WaMu suffered
> billions of dollars in losses.  Do you see that?
> . . .
> A: Yes, I see it.
> Q: Is that true?
> . . .
> A: I couldn't say one way or the other.

DE 81-1, 134:5-16.

The Transcript (DE 81-1) reflects that many of Defense Counsel's additional questions required similarly speculative,

4

sweeping answers or were not relevant to the issues in the above-styled cause. Many of these questions also sought the type of opinion more appropriately provided by an expert, rather than a lay, witness——for example, whether WaMu's lending practices were "risky." DE 81-1, 147:2-6. Many of the questions posed to Mr. Thomas dealt with information already provided to Defendant by Plaintiff. Further, the Court notes that Plaintiff in the above-styled cause is <u>not</u> WaMu, but rather the Federal Deposit Insurance Corporation, as Receiver for WaMu, and Mr. Thomas was the corporate representative of the latter entity. Plaintiff FDIC, as Receiver for WaMu, is not "required to undertake an exhaustive investigation to obtain information that it does not know and does not have access to because of its lack of involvement with the failed bank." <u>Federal Deposit Ins. Corp. v. Brudnicki</u>, No. 5:12-cv-003298-RS-GRJ, 2013 WL 5814494, at *3 (N.D. Fla. Oct. 29, 2013). Thus, the Court finds that Mr. Thomas was an adequate witness.

Defendant's Motion (DE 81) further asks this Court to compel Plaintiff to produce the "Post-Closing Report," referred to by Mr. Thomas during his deposition. <u>See</u> DE 81-1, 52:14-53:25. Plaintiff continues to object on the basis of attorney-client privilege. <u>See</u> DE 86. "The attorney-client privilege protects confidential communications between a client and his attorney where the communications concern legal advice or tend to disclose information given to the attorney by the client." <u>In re Grand Jury Subpoena</u>,

788 F.2d 1511, 1512 (11 Cir. 1986).   The party asserting the privilege bears the burden of proof.  Id.

Plaintiff maintains, and the record reflects, that the Post-Closing Report was drafted by the FDIC's investigators, Mr. Thomas, Bill Smith (an employee of the FDIC), and other independent contractors for the FDIC.   DE 86, p. 19; DE 81-1 54:24-55:14. Further, Plaintiff argues that the Report was drafted for the benefit of counsel for the FDIC.  Mr. Thomas testified that this Report is one that "the FDIC requires to be submitted after the failure of a bank and there's been an investigation done."  DE 81-1, 52:16-19.   Thus, the document at issue was prepared by FDIC employees and its independent contractors for its attorneys regarding its own investigation of WaMu's failure.  The Court notes that Plaintiff expressly objected to the discussion of the contents of the Post-Closing Report on the record, asserting attorney-client privilege.  See DE 81-1, 53:21-25, 54:16-19.  Further, the record reflects that the claimed privilege with regard to the Post-Closing Report has not been waived, either prior to or during the deposition.  See DE 81-1, 54:16-19, 55:7-14.  The Court, therefore, finds that the Post-Closing Report is protected by attorney-client privilege and that Plaintiff has met its discovery obligations. See also, Federal Deposit Ins. Corp. v. Cherry, Bekaert & Holland, 131 F.R.D. 596, 602 (M.D. Fla. 1990) (holding FDIC's Post-Closing Report protected from disclosure by attorney-client privilege).

III. Non-Party J.P. Morgan Chase Bank, N.A.'s, Motion For Protective Order Or In The Alternative, For An Order Quashing The Subpoena To Testify At A Deposition In A Civil Action (DE 94)

On March 18, 2014, Defendant served Non-Party J.P. Morgan Chase Bank, N.A. (hereinafter "Chase"), with its Amended Notice Of Taking Video Deposition Pursuant To Fed. R. Civ. P. 30(b)(6), for a deposition scheduled on March 27, 2014. See 94-5. Defendant had previously noticed Chase for a deposition scheduled on March 10, 2014 (DE 94-3); said Notice indicated areas of inquiry identical to those of the Amended Notice (DE 94-5). On March 25, 2014, and less than forty-eight hours before the deposition at issue, Chase filed its Motion (DE 94), in which it seeks a Protective Order limiting Defendant's areas of inquiry, or in the alternative, quashing Defendant's Deposition Subpoena (DE 94-5) as to all but one of the five noticed areas of inquiry. As the deposition at issue has apparently already taken place, based on the record before the Court, the Court will deny Chase's Motion (DE 94) as moot.

IV. Plaintiff FDIC-R's Motion To Compel Production Of Responsive Documents And Request For Expedited Ruling (DE 100)

As previously indicated above, the deadline for the completion of discovery was March 31, 2014. See DE 59. Plaintiff filed the instant Motion (DE 100) on April 1, 2014, seeking to compel Defendant's production of responsive documents to Plaintiff's Third Request For Production Of Documents. Plaintiff states that, as of the date of its Motion (DE 100), Defendant has failed to produce a single document in response to said Request. However, the Court

notes that Plaintiff served the instant Request on January 9, 2014. See 100-1. Despite fruitlessly waiting over two months for Defendant to produce documents, Plaintiff filed the instant Motion To Compel Production (DE 100) after the Court's deadline for the completion of discovery. Therefore, the Court will deny Plaintiff's Motion (DE 100), as it is untimely.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion To Compel Deposition And Document (DE 81) be and the same is hereby **DENIED;**

2. Non-Party J. P. Morgan Chase Bank, N.A.'s, Motion For Protective Order Or In The Alternative, For An Order Quashing The Subpoena To Testify At A Deposition In A Civil Action (DE 94) be and the same is hereby **DENIED** as moot; and

3. Plaintiff FDIC-R's Motion To Compel Production Of Responsive Documents And Request For Expedited Ruling (DE 100) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___9th___ day of April, 2014.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:
All Counsel of Record